UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SARAH DOE (a pseudonym),<br>Individually, and as Next<br>Friend of A.R., a minor,<br><br>    Plaintiff<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant | No. 04 cv 30116-KPN |

**PLAINTIFF'S OPPOSITION TO
GOVERNMENT'S MOTION FOR SUMMARY JUDGMENT**

I. INTRODUCTION

In its motion for summary judgment, the United States claims that the violation of a Massachusetts statute (G.L. c. 111, §70F) which specifically prohibits health providers from disclosing a patient's HIV status without his or her written consent, is not a recoverable tort under the Federal Tort Claims Act ("FTCA"). In other words, the government has taken the position that its employees can, willy-nilly, reveal the HIV status of any of their patients, to as many people as they choose to, with absolute impunity. This is simply incorrect.

In support of this proposition, the government makes three interrelated arguments:

 1. The plaintiff's claim does not fall within the scope of the waiver of sovereign immunity contained within the FTCA.

 2. Disclosure of a patient's HIV status without consent

1

falls within the definition of a tort of deceit, for which recovery is barred under the FTCA.

3.  G.L. c. 111, §70F is a strict liability statute and recovery is barred under the FTCA for strict liability violations.

Each of the three arguments is without merit.  First, as the United States is well aware, the FTCA expressly waives sovereign immunity for torts recognized by state law (such as G.L. c. 111, §70F), to the same extent that a private defendant would be liable to the plaintiff.  Second, the tort of deceit bears no relationship to G.L. c. 111, §70B, which forbids the wrongful disclosure of a patient's HIV status without consent.[1]  And, third, G.L. c. 111, §70F is not a strict liability statute.  To the contrary, the statute is violated only by a wrongful disclosure of a patient's HIV status, not any disclosure.[2]

II.  FACTS

1.  On or about September 19, 2000, the plaintiff Sarah Doe brought her ten-year-old son A.R. to the Holyoke Health Center

---

[1] The fact that a violation of G.L. c. 111, §70B is a per se violation of the Massachusetts consumer protection statute, G.L. c. 93A, §2, which enables an injured individual to seek the expanded remedies set forth in G.L. C. 93A, §9, does not transform the injury into an exempted tort.

[2] The government makes a fourth argument that any recovery by the plaintiff for double or triple damages under G.L. c. 93A would be barred because such recovery would be punitive in nature and punitive damages are prohibited under the FTCA.  This argument, which addresses the scope of the plaintiff's remedy, not the lack of a remedy, also fails because, as discussed below, the doubling or trebling of damages of damages for a per-se violation of the statute may be founded on wrongdoing, not punishment.

("HHC") for a pediatric appointment.

2.   At the time of the visit, HHC had diagnosed Sarah Doe as HIV positive.

3.   After Ms. Doe was diagnosed as HIV positive, she had consulted with health care professionals who advised her that her son was too young to learn of her HIV status.

4.   Based on these consultations, Ms. Doe kept her HIV status a secret from her son.

5.   Her intention was to tell her son of her HIV status in a controlled setting with a health care professional present, when her son was older.

6.   On the day in question, Ms. Doe accompanied A.R. into the examination room, where Dr. Claudia Molina, an HHC employee, examined A.R. for a follow-up visit regarding an inflammation from a mosquito bite.

7.   During the examination, Dr. Molina saw a section of A.R.'s medical chart that indicated that Ms. Doe was HIV positive.

8.   After observing that section of the chart, Dr. Molina directly commented on Ms. Doe's HIV status, in the presence of A.R. More specifically, Dr. Molina chastised Ms. Doe for not telling the doctor directly of her HIV status.

9.   A.R. immediately ran out of the examination room.

10.  After leaving the examination room, Sarah Doe, who, by then, was in tears, reported the breach of confidentiality to the staff at HHC.  Dr. Molina received a written violation for the

breach, which she did not contest.

11.  A.R. has suffered serious psychological injuries from learning of his mother's HIV status in the way described above. A.R.'s treating therapists will testify to the effects attributable to Dr. Molina's revelation of his mother's HIV status.

12.  The revelation of Sarah Doe's HIV status by Dr. Molina has also significantly and negatively affected the relationship between Sarah Doe and her son.

13.  Based on these facts, Ms. Doe brought this action against Dr. Molina and the Holyoke Health Center on behalf of herself and her son in Hampden Superior Court.  (The Justice Department, after receiving a proper presentment letter, initially denied that the actions fell within the boundaries of the FTCA and disclaimed representation.)

14.  While the lawsuit was pending in state court, the Justice Department reconsidered its position, certified that Dr. Molina was acting within the scope of her employment as an employee of the public health services, removed the action to the United States District Court and substituted the United States of America as the defendant.

A.  The FTCA Waives Sovereign Immunity for Violations of G.L. c. 111, §70F

The FTCA waives the government's sovereign immunity for personal injury caused by the "negligent or wrongful act or omission of any employee of the government while acting within the

scope of his . . . employment, under circumstances where the United
States, if a private person, would be liable to the claimant in
accordance with the law of the place where the act or omission
occurred." 18 U.S.C. §1346(B)(1). See also 28 U.S.C. §2674, which
provides that the United States "shall be liable . . . in the same
manner and to the same extent as a private individual under like
circumstances."

This means that the initial question before the Court is
straightforward:  would a private physician be liable to the
plaintiff for the actions attributed to Dr. Molina in the
complaint?  The answer is plainly "yes."

G.L. c. 111, §70F forbids the disclosure of a patient's HIV
status without his or her written, informed consent.  In the case
before the Court, the plaintiff has alleged that no such consent
was given.  Therefore, Dr. Molina clearly would be liable in tort
if she were a private physician.  See Bolduc v. United States, 402
F.3d 50, 55 (2005).

B.    G.L. c. 111, §70F is not an Exempt Tort under the FTCA

The FTCA exempts specified intentional torts from its waiver
of sovereign immunity.  These are limited to:

> (h) Any claim arising out of assault, battery, false
> imprisonment, false arrest, malicious prosecution, abuse
> of process, libel, slander, misrepresentation, deceit, or
> interference with contract rights [subject to certain
> provisos].

28 U.S.C. §2680(a).[3]

In support of its claim that the FTCA exempts G.L. c. 111, §70F, the government seizes on the word "deceit." In its view, negligent disclosure of a patient's HIV status by a physician without permission is equivalent to the tort of deceit. This is a strikingly wrong misstatement of the law.

G.L. c. 111, §70F codifies a straightforward, garden variety tort. As the complaint states in paragraph 1, Dr. Molina's negligently violated Sarah Doe's privacy rights.

In fact, a claim under G.L. c. 111, §70F is not particularly different from a standard medical malpractice claim. In both, there is: (a) patient-health care provider relationship, and (b) a wrongful act by the health care provider that (c) damages the patient. In a medical malpractice action, the wrongful act is the physician's failure to treat a patient in accordance with the standard of care, while in the latter, the wrongful act is the physician's failure to keep a patient's HIV status confidential without his or her consent.[4] Both rely on a wrongful act by a

_____

[3] Contrary to the government's assertion that only "garden-variety" torts are exempted under the FTCA, courts are instructed read the exceptions very strictly and to refrain from reading "exemptions into the Act beyond those provided by Congress." United States v. Santiago-Ramirez, 984 F.2d 16, 20 (1st Cir. 1993), quoting Rayonier v. United States, 352 U.S. 315, 321 (1957).

[4] A physician or health care provider is liable to a patient under G.L. c. 111, §70F only if the provider discloses the patient's HIV status without his or her written, informed consent.

6

physician.  As such, neither falls under the definition of a tort of "deceit," and neither is exempt from the FTCA.

> C.  <u>The Fact that the Remedy for a Violation of G.L. c. 111, §70F is the Remedies Available under G.L. c. 93A does not Transform the Tort into a Tort of Deceit</u>

Unlike another Massachusetts statute that defines the tort of invasion of privacy, G.L. c. 214, §1B, G.L. c. 111, §70F, does not provide its own remedy.  See <u>Transamerica Ins. Co. v. K&K Ins. Group</u>, 52 Mass. App. Ct. 189, 195 (2001).  Instead, G.L. c. 111, §70F states that "[w]hoever violates the provisions of this section shall be deemed to have violated section two of chapter ninety-three A."  In other words, the mechanism for recovery under G.L. c. 111, §70F is the consumer protection statute.

The government argues that because the Massachusetts consumer protection statute protects against "unfair methods of competition and unfair or deceptive acts or practices," a statute such as G.L. c. 111, §70F, which relies on G.L. c. 93A for its remedies falls within the deceit exemption to the FTCA (Gov.'s Mot. for Summ. J. at 6).  But, as noted above, this argument fails because under G.L. c. 111, §70F, the plaintiff need not prove deceit to satisfy the statute.[5]  In <u>Darviris v. Petros</u>, 59 Mass. App. Ct. 323, 330

---

[5] Even if the plaintiff had to prove an element beyond the mere violation of G.L. c. 111, §70F, she need only prove that the conduct rose above mere negligence and that the government's action was unfair, she need not prove deceit.  See <u>Massachusetts Eye and Ear Infirmary v. QLT Phototherapeutics</u>, 412 F.3d 215, 243 (1st Cir. 2005) (stating test for determining whether a practice violates Chapter 93A); see also <u>Santiago-Ramirez</u>, 984 F.2d at 20 (holding that if underlying conduct satisfies two torts, FTCA claim can

(2003), aff'd, 442 Mass. 274 (2004), the Massachusetts Appeals Court distinguished between G.L. c. 111, §70F, a per se violation of the consumer protection statute, from G.L. c. 111, §70E. It held that, unlike G.L. c. 111, §70F, allegations of ordinary negligence asserted under G.L. c. 111, §70E were not per se violations of G.L. c. 93A and therefore the plaintiff's G.L. c 93A claim would fail absent a showing of more than mere negligence.[6] Id.

D.    G.L. c. 111, §70F is Not a Strict Liability Statute

Finally, the government argues that G.L. c. 111, §70F is a strict liability statute and is therefore exempted from the FTCA (see Gov. Mot. of SJ at 6-7). This is incorrect. As argued above, G.L. c. 111, §70F is a statute which requires wrongful doing. It is only violated by an unauthorized disclosure of an individual's HIV status. If G.L. c. 111, §70F were a strict liability statute, any disclosure, even if authorized, would be a violation. This distinguishes this statute from the one relied on by the government, Marina Bay Realty Trust v. United States, 407 F.3d 418, in which liability was based without evidence of wrongful conduct. Moreover, courts have recognized the two torts most similar to this

proceed if one of them is not exempted).

[6] The government's assertion that multiple damages are necessarily punitive fails for the same reason. Multiple damages awarded pursuant to a per se violation of the statute, and not based on deceit, are not necessarily punitive. In addition, the defendant's failure to respond to an offer to settle under G.L. c. 93A constitutes a separate act of wrongdoing.

statutory tort, negligence and invasion of privacy, as viable causes of action under the FTCA. See Raz v. United States, 343 F.3d 945, 948 (8th Cir. 2003) and cases cited.

For the foregoing reasons, the government's motion for summary judgment should be denied.

> Respectfully submitted,
> The plaintiff,
> By her attorney,

Dated:  March 8, 2006

/s/ Thomas Lesser
Thomas Lesser, BBO No. 295000
Lesser, Newman, Souweine & Nasser
39 Main Street
Northampton, MA 01060
413-584-7331

### CERTIFICATE OF SERVICE

I, Thomas Lesser, hereby certify that on the eighth day of March, 2006, I served a copy of the foregoing document via first class mail, postage prepaid, upon the defendant's counsel of record:  Thomas J. O'Connor, Esq., Assistant United States Attorney, Federal Building and Courthouse, 1550 Main Street, Springfield, MA 01103.

/s/ Thomas Lesser
Thomas Lesser

Sarah Doe\Opposition to MSJ
3/8/06

9