```
                 UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MASSACHUSETTS

SARAH DOE, Individually        )
and as Next Friend of          )
A.R.,                          )
                               )
          Plaintiff,           )
                               )
    v.                         )     Civil No.   04cv30116
                               )
UNITED STATES,                 )
                               )
          Defendant.           )
```

## ANSWER TO AMENDED COMPLAINT

The defendant, the United States of America, by its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, answers the plaintiff's amended complaint as follows:

1.  The defendant admits that paragraph 1 describes the plaintiff's allegations but denies the substance of the allegations.

2.  As to paragraph 2, the defendant has insufficient knowledge or information upon which to form a belief and, therefore, leaves the plaintiff to her proof.

3.  The defendant admits paragraph 3.

4.  The defendant admits paragraph 4.

5.  The defendant has insufficient knowledge or information upon which to form a belief and, therefore, leaves the plaintiff to her proof.

6.  The defendant has insufficient knowledge or information upon which to form a belief and, therefore, leaves the plaintiff

to her proof.

    7.    The defendant admits paragraph 7.

    8.    The defendant admits that Dr. Molina commented out loud in the examination room about plaintiff's HIV status. The defendant denies all other allegations contained in paragraph 8.

    9.    The report referenced in paragraph 9 speaks for itself. To the extent that the plaintiff characterizes the contents of the report in paragraph 9, the defendant denies the allegations contained in paragraph 9.

    10.    As to paragraph 10, the defendant has insufficient knowledge and information upon which to form a belief and, therefore, leaves the plaintiff to her proof.

    11.    The defendant admits that the plaintiff contacted the HHC employees identified in paragraph 11, but has insufficient knowledge or information upon which to form a belief as to the remainder of the allegations contained in paragraph 11, and, therefore, leaves the plaintiff to her proof.

    12.    The report referenced in paragraph 12 speaks for itself. To the extent that the plaintiff characterizes the contents of the report in paragraph 12, the defendant denies the allegations contained in paragraph 12.

    13.    The defendant denies paragraph 13.

    14.    The defendant denies paragraph 14.

    15.    The defendant denies paragraph 15.

16. The defendant denies paragraph 16.

17. The statute cited by the plaintiff in paragraph 17 speaks for itself. To the extent that paragraph 17 characterizes the statute or its applicability to the present situation, the defendant denies the allegations contained in paragraph 17.

18. The defendant denies paragraph 18.

19. The letter referenced in paragraph 19 speaks for itself. To the extent that the plaintiff characterizes the contents of the letter in paragraph 19, the defendant denies the allegations contained in paragraph 19.

20. The defendant denies paragraph 20..

21. The letter referenced in paragraph 21 speaks for itself. To the extent that the plaintiff characterizes the contents of the letter in paragraph 21, the defendant denies the allegations contained in paragraph 21.

22. The defendant denies paragraph 22.

23. As to paragraph 23, the defendant has insufficient knowledge and information upon which to form a belief and, therefore, leaves the plaintiff to her proof.

24. The statute cited by the plaintiff in paragraph 24 speaks for itself. To the extent that paragraph 24 characterizes the statute or its applicability to the present situation, the defendant denies the allegations contained in paragraph 24.

25. The defendant denies paragraph 25.

26. The defendant denies paragraph 26.

## COUNT I

27. The answers to paragraphs 1 through 26 are incorporated as the answer to paragraph 27.

28. The defendant denies paragraph 29.

## COUNT II

29. The answers to paragraphs 1 through 28 are incorporated as the answer to paragraph 29.

30. The defendant denies paragraph 30.

## COUNT III

31. The answers to paragraphs 1 through 30 are incorporated as the answer to paragraph 31.

32. The defendant denies paragraph 32.

33. The defendant denies paragraph 33.

## COUNT IV

34. The answers to paragraphs 1 through 33 are incorporated as the answer to paragraph 34.

35. The defendant denies paragraph 35.

36. The defendant denies paragraph 36.

## COUNT V

37. The answers to paragraphs 1 through 36 are incorporated as the answer to paragraph 37.

38. The defendant denies paragraph 38.

## COUNT VII

39. The answers to paragraphs 1 through 38 are incorporated as the answer to paragraph 39.

40. The defendant denies paragraph 40.

## FIRST AFFIRMATIVE DEFENSE

The plaintiff was comparatively negligent to a degree sufficient to bar recovery.

## SECOND AFFIRMATIVE DEFENSE

The plaintiff was comparatively negligent and any damages must be reduced in accordance with her level of negligence.

## THIRD AFFIRMATIVE DEFENSE

The plaintiff failed to mitigate her damages.

## FOURTH AFFIRMATIVE DEFENSE

The United States is not liable for damages under M.G.L. c. 93A.

## FIFTH AFFIRMATIVE DEFENSE

The United States is not liable for punitive damages.

## SIXTH AFFIRMATIVE DEFENSE

The United States is not liable for attorneys fees.

## SEVENTH AFFIRMATIVE DEFENSE

The plaintiff is not entitled to a jury trial under the Federal Tort Claims Act.

```
                            Respectfully submitted,

                            MICHAEL J. SULLIVAN
                            United States Attorney

                     By:    /s/ Thomas J. O'Connor, Jr.
                            Thomas J. O'Connor, Jr.
                            Assistant U.S. Attorney
                            1550 Main Street
                             Springfield, MA 01103
                            (413) 785-0235
```

Dated: April 20, 2006

## CERTIFICATE OF SERVICE

This is to certify that the foregoing document has been filed through the ECF system to be served electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

```
                             /s/ Thomas J. O'Connor, Jr.
                            Thomas J. O'Connor, Jr.
                            Assistant U.S. Attorney
```

Dated: April 20, 2006