COMMONWEALTH OF MASSACHUSETTS
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
_____
                               )
Sarah Doe (a pseudonym),       )
Individually, and as           )
Next Friend of A.R., ¹ a minor,)
                               )
            Plaintiff          )    No. 04 cv 30116-KPN
v.                             )
                               )
                               )
UNITED STATES OF AMERICA,      )
                               )
            Defendant          )
_____)
```

**SECOND AMENDED COMPLAINT**

## I.  INTRODUCTION

1.  This action is brought to recover damages resulting from the United States's unlawful disclosure of plaintiff Sarah Doe's HIV status to her son, A.R., without her authorization.  This action arises under the Federal Tort Claims Act, 28 U.S.C. §2671 et seq.  This Court is vested with jurisdiction pursuant to 28 U.S.C. §1346(b).

## II.  PARTIES

2.  The plaintiff Sarah Doe resides in Holyoke, Massachusetts, as does her son and minor child, A.R.

3.  Pursuant to 28 U.S.C. §2679(d)(1) the United States substituted itself for both of the original defendants, Dr. Molina

---

¹ Pursuant to Local Rule 5.3 Sarah Doe's son is referenced by his initials.

and the Holyoke Health Center.

4. Pursuant to 28 U.S.C. §2679(d)(2) the case was removed to this Court.

### III.  FACTS

5. Ms. Doe and her son, A.R., used the Holyoke Health Center (HHC) as their primary care physicians.

6. In 1997 Ms. Doe was tested by HHC for HIV and the results were positive.

7. On or about September 19, 2000, Ms. Doe took her son A.R. to HHC for a pediatric appointment.  Ms. Doe accompanied A.R. into the examination room, where Dr. Claudia Molina, an HHC employee, examined him.

8. At that time, Dr. Molina saw a section of a medical chart that indicated that Ms. Doe was HIV positive.  Dr. Molina then commented on Ms. Doe's HIV status out loud in the presence of Ms. Doe's son.

9. According to a report prepared by HHC, Dr. Molina said to Ms. Doe, in front of A.R., "Oh, you're HIV positive," and "It's very important for me to know that you're HIV positive."  The report terms Dr. Molina's statement an "unacceptable" breach of confidentiality.

10. At the time that Dr. Molina made the comments, Ms. Doe had not given consent, either written or oral, to disclose her HIV status to her ten-year-old son.  Up until that moment, A.R. was completely unaware that his mother was HIV positive.  Ms. Doe had

always taken great pains to hide her illness from her son, out of concern for his emotional well-being.

11. As soon as A.R's above appointment ended, Ms. Doe, who was extremely distraught, contacted HHC employees Robbie Lauter, R.N., and Laurie Wojtusok, R.N., concerning Dr. Molina's breach of confidentiality. At the time Laurie Wojtusok was Coordinator of HIV Programs for HHC.

12. According to an HHC follow-up report regarding the incident, Dr. Lois Albury, HHC's Medical Director, met with Dr. Molina on September 28, 2000, nine days later, to discuss what had happened. According to a report of that meeting, "issues of confidentiality were discussed in detail." Dr. Molina was given a written warning regarding the incident and was to receive a copy of the HIV confidentiality laws.

13. As a result of the unauthorized disclosure, both Ms. Doe and her son A.R. have suffered severe injuries.

14. A.R. remains depressed and angry due to the disclosure and the fear that his mother will die.

15. The disclosure has left Sarah Doe emotionally distraught and unable to trust health professionals.

16. The relationship between A.R. and his mother has been profoundly altered by the disclosure.

17. The privacy rights of Ms. Doe, as an HIV positive person, are protected by G.L. c. 111, §70F, which provides in pertinent part that:

3

No health care facility . . . and no physician . . . shall . . . :

(2) disclose the results of such [HIV] test to any person other than the subject thereof without first obtaining the subject's written informed consent.

18. The United States, through both its employee and its health care facility clearly violated G.L. c. 111, §70F.

19. The plaintiff also sought to settle this matter through an offer to settle under G.L. c. 93A. On or about April 25, 2003, plaintiff, through counsel, sent HHC, via certified mail, return receipt requested, a written demand for relief pursuant to G.L. c. 93A, §9, identifying the claimants and reasonably describing the G.L. c. 111, §70F violation and the injuries suffered.

20. HHC failed to respond to the plaintiff's demand letter. HHC's failure to offer any relief after demand, when it had reason to know that the act complained of was in violation of G.L. c. 93A, §2, was in bad faith.

21. On or about April 25, 2003, the plaintiff, through counsel, also sent Dr. Claudia Molina, via certified mail, return receipt requested, a written demand for relief pursuant to G.L. c. 93A, §9, identifying the claimants and reasonably describing the G.L. c. 111, §70F violation and the injuries suffered.

22. Dr. Molina also failed to respond to the plaintiff's demand letter. Dr. Molina's failure to offer any relief upon demand when she had reason to know that the act complained of was in violation of G.L. c. 93A, §2, was in bad faith.

4

23. The plaintiff presented her claim to the appropriate federal agency, which denied the claim (by failing to make a final disposition within six months of the presentment of the claim. (28 U.S.C. §2675(a).)

24. Ms. Doe's privacy rights are also protected by G.L. c. 214, §1B, which states that "[a] person shall have a right against unreasonable, substantial or serious interference with his privacy."

25. The United States substantially and seriously interfered with Ms. Doe's right to privacy by disclosing her HIV status.

26. For a person whose privacy rights have been violated by an unauthorized disclosure of HIV status, G.L. c. 111, §70F allows recovery as though the tortfeasor had violated G.L. c. 93A, §2:

> Whoever violates the provisions of this section shall be deemed to have violated section two of chapter ninety-three.

Accordingly, any breach of confidentiality is deemed an unfair practice under Section 2 of Chapter 93A, and is actionable under Chapter 93A.

## APPLICABILITY OF THE FEDERAL TORT CLAIMS ACT

27. Pursuant to 28 U.S.C. §1346(b), the plaintiff is entitled to recover for the injuries caused by the negligent and wrongful acts or omissions of the government because the United States, if it were a private person, would be liable to the claimant in accordance with the laws of Massachusetts.

COUNT I:  Violation of G.L. c. 111, §70F and c. 93A, §2

28. The plaintiff realleges paragraphs 1 through 27 as if fully pleaded herein.

29. The defendant's violation of G.L. c. 111, §70F, caused by the unauthorized disclosure of Ms. Doe's HIV status to A.R., resulted in injury to A.R. and was an unfair practice declared unlawful by G.L. c. 93A, §2.

COUNT II:  Violation of G.L. c. 111, §70F and c. 93A, §2

30. The plaintiff realleges paragraphs 1 through 29 as if fully pleaded herein.

31. The defendants' violation of G.L. c. 111, §70F, caused by the unauthorized disclosure of Ms. Doe's HIV status to A.R., resulted in injury to Sarah Doe and was an unfair practice declared unlawful by G.L. c. 93A, §2.

COUNT III:  Negligence

32. The plaintiff realleges paragraphs 1 through 31 as if fully pleaded herein.

33. As her medical care provider, the defendant owed a duty of care to Ms. Doe and breached that duty by disclosing her HIV status.

34. The breach of this duty caused Ms. Doe's injuries.

### COUNT IV: Negligence

35.  The plaintiff realleges paragraphs 1 through 34 as if fully pleaded herein.

36.  As his physician, the defendant owed a duty of care to A.R. and breached that duty by disclosing his mother's HIV status to him without his mother's consent.

37.  The breach of this duty caused A.R.'s injuries.

### COUNT V:  Breach of Duty of Confidentiality

38.  The plaintiff realleges paragraphs 1 through 37 as if fully pleaded herein.

39.  The defendant owed a duty of confidentiality to Ms. Doe and breached that duty by disclosing her HIV status.

40.  The breach of this duty caused Ms. Doe's injuries.

### COUNT VI:  Violation of G.L. c. 214, §1B

41. The plaintiff realleges paragraphs 1 through 40 as if fully pleaded herein.

42. By disclosing Ms. Doe's HIV status the defendant unreasonably, substantially or seriously interfered with Ms. Doe's privacy.

WHEREFORE, the plaintiff Sarah Doe requests that this court:

(a)  Enter judgment for the plaintiff.

7

(b)  Award damages to the plaintiff.

(c)  Treble such amount as provided by G.L. c. 93A, §9.

(d)  Award  interest,  costs  and  attorney  fees  to  the  plaintiff.

(e)  Award such other relief as the court deems fit.


<u>DEMAND FOR A JURY TRIAL</u>

The plaintiff hereby demands a jury trial on all counts of her complaint.

                              Respectfully submitted,
                              The plaintiff,
                              By her attorney,


Dated:  May 8, 2006           <u>/s/ Thomas Lesser</u>
_                                  Thomas Lesser, BBO No. 295000
                              Lesser, Newman, Souweine & Nasser
                              39 Main Street
                              Northampton, MA 01060
                              413-584-7331


CERTIFICATE OF SERVICE

I, Thomas Lesser, hereby certify that on this eighth day of May, 2006, this document has been served upon the defendant's counsel of record:  Thomas J. O'Connor, Esq. and Karen Goodwin, Esq., Assistant United States Attorney, Federal Building and Courthouse, 1550 Main Street, Springfield, MA 01103 by electronic filing.

                              <u>/s/ Thomas Lesser</u>
                              Thomas Lesser

8