COMMONWEALTH OF MASSACHUSETTS
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Sarah Doe (a pseudonym),
Individually, and as
Next Friend of A.R.,[1]
a minor,

       Plaintiff

v.

UNITED STATES OF AMERICA,

       Defendant

No. 04 cv 30116-KPN

**JOINT PRETRIAL MEMORANDUM**

(1)(a)   Summary of the evidence to be offered by the plaintiff

On or about September 19, 2000, the plaintiff Sarah Doe brought her ten-year-old son A.R. to the Holyoke Health Center ("HHC") for a pediatric appointment. At that time, HHC was aware that Sarah Doe was HIV positive. In fact, HHC had diagnosed Sarah Doe as HIV positive three years earlier.

After Ms. Doe had been diagnosed as HIV positive in 1997, she consulted with health care professionals who advised her that her son was too young to know of her HIV status. Their recommendation was to tell her son of her HIV status in a controlled setting, with a health care professional present, when her son was older. Based on these consultations, Ms. Doe had kept her HIV status a secret from her son.

---

[1] Pursuant to Local Rule 5.3 Sarah Doe's son is referenced by his initials.

On the day in question, Ms. Doe accompanied her son into the examination room, where Dr. Claudia Molina, an HHC employee, examined him for a follow-up visit regarding an inflammation from a mosquito bite. During the examination, Dr. Molina read a section of A.R.'s medical chart that indicated that Ms. Doe was HIV positive. After observing that section of the chart, Dr. Molina, in the presence of A.R., chastised Ms. Doe for not telling the doctor about her HIV status. A.R. immediately ran out of the examination room in shock.

After leaving the examination room, Sarah Doe, who, by then, was in tears, reported the breach of confidentiality to the staff at HHC. Dr. Molina received a written violation for the breach, which she did not contest.

A.R. has suffered serious psychological injuries from learning of his mother's HIV status in the way described above. A.R.'s treating therapists will testify to the effects attributable to Dr. Molina's revelation of his mother's HIV status. The revelation of Sarah Doe's HIV status by Dr. Molina has also significantly and negatively affected the relationship between Sarah Doe and her son.

(1)(b)   Summary of the evidence to be offered by the defendant

On or about September 15, 2000, the plaintiff brought her son, A.R., to the Holyoke Health Center ("HHC") because she was concerned about the condition of his knee, which was painful and swollen. Dr. Claudia Molina examined A.R. in the presence of his mother. Dr. Molina noted that A.R. had multiple mosquito bites and swelling on the knee. She ordered an x-ray, prescribed oral antibiotics and instructed the plaintiff to return in a few days for the knee to be checked. During the visit she asked the

plaintiff about any significant medical history; the plaintiff responded that she was HIV positive.

The plaintiff brought A.R. back to the clinic on September 19, 2000, for his knee to be checked. Dr. Molina again examined A.R. in the presence of the plaintiff and noted that the condition was much improved. She recommended a follow-up in two weeks. A.R. has suffered from Attention Deficit Disorder and other mental health issues for a number of years pre-dating the incident. Difficulties in his relationship with his mother similarly predate the incident.

(2) Facts established by the pleadings, stipulations or admissions of counsel

> Ms. Doe is HIV positive
> Ms. Doe was tested for HIV at Holyoke Health center
> Ms. Doe was a patient at Holyoke Health Center
> A.R. was a patient at Holyoke Health Center
> Dr. Molina was an employee of Holyoke Health Center
> Dr. Molina treated A.R. on September 19, 2000.

(3) Contested issues of fact

Whether Dr. Molina disclosed to Ms. Doe's son, A. R., that Ms. Doe was HIV positive.

(4) Jurisdictional Questions

(a)   Whether the United States has waived its sovereign immunity for claims for attorneys fees in a Federal Tort Claims Act case.

(b)   Whether the United States has waived its sovereign immunity for claims brought under Chapter 93(A). The court has decided this issue in favor of the plaintiff in denying, in part, the government's motion for summary judgment. However, the issue remains in the case for the purposes of any appeal.

(5) Questions raised by pending motions

None.

(6) Issues of law including evidentiary questions, with supporting authority

The parties have not identified any legal issues other than those referred to above.

Evidentiary issues are discussed at part 12.

(7) Amendments to the pleadings

None anticipated.

(8) Additional matters to aid in the disposition of the action

The possibility of resolution prior to trial may be enhanced if the issue of whether the plaintiff can recover attorney's fees is addressed. Accordingly, the government proposes to file a motion and memorandum addressing that issue.

The only outstanding discovery issue is the completeness of the production by the plaintiff of the records from River Valley Counseling Center. The parties will discuss this issue and if a motion is required, will file such motion by June 30, 2006.

(9) Probable length of the trial

5 days.

(10) Names, addresses, and telephone numbers of witnesses to be called (expert and others) and whether the testimony of any such witness is intended to be presented by deposition.

<u>The plaintiffs, Sarah Doe and A.R</u>.

Sarah Doe and A.R.

Laurie Wojtusik
20 Nonotuck Street, Florence, MA
413-734-2264

Robbie Lauter
Amherst, MA
413-420-2200

Dr. Lois Albury
26 Christopher Terrace
West Springfield, MA 01089

Laura McGough
44 Florence Ave.
Holyoke, MA 01040

Gloria Vasquez
Holyoke Health Center
282 Cabot Street
Holyoke, MA 01040

Nester Garcia
Holyoke Health Center
282 Cabot Street
Holyoke, MA 01040

Vandy Ballinger
River Valley Counseling
303 Beech Street
Holyoke, MA 01040

Carlos Nunez
Mount Tom City Clinic
235 Maple Street
Holyoke, MA 01040

Gloria Vasquez
Brightside for Families and Children
2112 Riverdale Street
West Springfield, MA 01089

Cynthia Alston
River Valley Counseling Center
303 Beech Street
Holyoke, MA 01040

The defendant

Claudia Molina
48 Clapp Street
Easthampton, MA 01027

    Robbie Lauter
    Amherst, MA
    413-420-2200

    Marc Rudolph
    Cynthia Alston
    Purificacion Geronimo-Flores
    N. Brand
    Vandy Bollinger
    River Valley Counseling
    303 Beech Street
    Holyoke, MA 01040

(11) Proposed exhibits

    <u>The plaintiffs, Sarah Doe and A.R</u>.

    River Valley Counseling Records for Sarah Doe
    River Valley Counseling Records for A.R.
    Holyoke Health Center Records for Sarah Doe
    Holyoke Health Center Records for A.R.
    Pharmacy records
    A.R.'s school suspension report
    A.R.'s school records
    Unusual Occurrence Report dated 9/19/00 and with follow-up notes
    Demand Letter to Dr. Molina dated 4/25/2003
    FTCA Presentment letter dated 8/27/02
    Holyoke Health Center Written Warning dated 9/27/00

    <u>The defendant</u>

    River Valley Counseling Records for Sarah Doe
    River Valley Counseling Records for A.R.
    Holyoke Health Center Records for Sarah Doe
    Holyoke Health Center Records for A.R.
    Pharmacy records
    A.R.'s school suspension report
    A.R.'s school records

(12) parties' respective positions on any remaining objections to the evidence identified in the pretrial disclosure required by Fed. R. Civ. P. 26(a)(3)

The defendant objects to the introduction into evidence of the Unusual Occurrence Report (hearsay); Demand letter (hearsay and relevance); FTCA Presentment Letter (hearsay and relevance); and Holyoke Health Center Written Warning (hearsay). The defendant cannot determine whether it will object to particular documents from the general categories of proposed exhibits until the parties have an opportunity to exchange specific exhibits.

Respectfully submitted,<br>
The plaintiffs,<br>
By their attorney,

Dated:  June 19, 2006          /s/ Thomas Lesser_____
                               Thomas Lesser, BBO No. 295000
                               Lesser, Newman, Souweine & Nasser
                               39 Main Street
                               Northampton, MA 01060
                               413-584-7331

                               The defendant,
                               By their attorney,

Dated:  June 19, 2006          /s/ Karen Goodwin (ED by phone)__
                               Karen L. Goodwin
                               Assistant U.S. Attorney
                               1550 Main Street
                               Springfield, MA 01103
                               413-785-0235

CERTIFICATE OF SERVICE

I, Elizabeth Dembitzer, herby certify that on June 19, 2006, I served a copy of the foregoing document was filed electronically and will be served electronically on defendant's counsel of record, registered ECF user Karen Goodwin, Assistant U.S. Attorney, 1550 Main Street, Springfield, MA 01103.

                               /s/ Elizabeth Dembitzer_____
                               Elizabeth Dembitzer

Case 3:04-cv-30116-MAP     Document 36     Filed 06/19/2006     Page 8 of 8