```
              UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MASSACHUSETTS

SARAH DOE, Individually        )
and as Next Friend of A.R.,    )
                               )
          Plaintiff,           )
                               )
     v.                        )     No.  04cv30116-MAP
                               )
UNITED STATES OF AMERICA,      )
                               )
          Defendant.           )
```

**MEMORANDUM REGARDING RECOVERY OF ATTORNEY'S FEES**

The plaintiff cannot recover attorneys fees because the government has not waived its sovereign immunity. The government's "waiver of sovereign immunity must be unequivocally expressed in statutory text . . . and will not be implied." Lane v. Pena, 518 U.S. 187, 192 (1996). Sovereign immunity operates "as a bar" to any award of attorney's fees. United States v. Horn, 29 F.3d 754, 761 (1st Cir. 1994) (citing Ruckelhaus v. Sierra Club, 463 U.S. 680, 685 (1983). Since Ruckelhaus, "the proposition that sovereign immunity bars the recovery of attorneys fees has become ensconced at the circuit level." Id.

> In considering legislation that is claimed to
> have the effect of waiving sovereign immunity
> in a particular class of cases, courts
> usually have been guided by two maxims.
> First, a waiver of sovereign immunity must be
> definitely and unequivocally expressed. . . .
> Second, a waiver of sovereign immunity always
> is to be construed strictly in favor of the
> federal government, and must not be enlarged
> beyond such boundaries as its language
> plainly requires.

Id. at 761-62.

The plaintiff has brought her claim under the Federal Tort Claims Act ("FTCA"), which does not contain any such express waiver of sovereign immunity for attorneys fees. Accordingly, the only courts of appeals to address the issue have held that attorney's fees are not recoverable in FTCA cases. Anderson v. United States, 127 F.3d 1190, (9th Cir, 1997) (state statute authorizing recovery of attorneys fees in cases of sexual harassment does not entitle prevailing parties to a fee award under the FTCA); Johnson v. United States, 780 F.2d 902, 903 (11th Cir. 1986) (state statute authorizing attorneys fees in medical malpractice case does not permit prevailing party to recover attorney's fees from the United States in an action under the FTCA); Joe v. United States, 772 F.2d 1535, 1537 (11th Cir, 1985) (same). See also Lucafrelli v. United States, 943 F.Supp. 157, 158 (D. P.R. 1996) (attorney's fees not recoverable in FTCA case); Poirer v. United States, 745 F.Supp. 23, 34 (D. Me. 1990) (same).

The FTCA did not need to explicitly exempt attorneys' fees from the waiver of immunity because attorneys' fees are not encompassed in the term "money damages." See Jackson v. United States, 881 F.2d 707, 712 (9th Cir. 1989). "Ordinarily a statutory right to 'damages' does not include an implicit authorization to award attorney's fees." Summit Valley

Industries, Inc. v. Local 112, United Brotherhood of Carpenters and Joiners of America, 456 U.S. 717, 722 (1982). Prejudgment interest and punitive damages, on the other hand, are both considered "money damages," and Congress therefore needed to make clear its intent to exclude them from the scope of the FTCA. See Library of Congress v. Shaw, 478 U.S. 310, 320 (1986).

  The sole reference to attorneys fees in the FTCA is a provision that limits fees to 25 percent of the plaintiff's recovery. In 1966 Congress raised the attorney fee percentage from 20 to 25 percent, "'to assure competent representation and reasonable compensation' in matters litigated under the FTCA." Joe, 772 F.2d at 1537 (quoting S. Rep. No. 1327, 89th Cong., 2d Sess. (1966), reprinted in 1966 U.S.C.C.A.N. 2515, 2520). "If Congress had intended . . . to encourage attorneys to bring FTCA claims not by increasing the percentage of the judgment available to attorneys but, instead, by providing for an award of attorneys' fees from the United States, Congress could easily have done so." Id. In short, "[it] is clear that the FTCA does not waive the United States' immunity from attorney's fees." Bergman v. United States, 844 F.2d 353, 355 (6th Cir. 1988).

  The fact that Mass. Gen. L. Ch. 93A authorizes an award of attorney's fees does not change the result. First, the FTCA makes state law controlling "to the extent necessary to fix the government's substantive liability." Jackson v. United States,

881 F.2d 707, 712 (9th Cir. 1989).  Other issues, including recovery of attorney's fees, are "determined solely by federal law."  Id.

Second, federal statutes that place the government in the "same position as a private party" are read narrowly to preserve sovereign immunity.  Library of Congress v. Shaw, 478 U.S. 310, 319-20 (1986) ).  Only Congress can waive the government's sovereign immunity.  Horn, 29 F.3d at 761.

Finally, any claim that the Equal Access to Justice Act (EAJA"), 28 U.S.C. § 2412, furnishes the necessary waiver of immunity, cannot withstand scrutiny.  Two provisions of the EAJA address the award of attorney's fees against the government.  Section 2412(d)(A) authorizes an award of attorney fees to a party who has substantially prevailed in litigation against the government unless the government was substantially justified in its position.  That provision, however, expressly excludes tort actions.

Section 2412(b), provides that the court may award attorneys fees against the United States if such fees and expenses would be available to a private party "under the common law or under the terms of any statute which specifically provides for such award." While at first blush, the statute appears to permit fees when authorized by state statute, courts of appeal have uniformly rejected that interpretation.

In <u>United States v. Parsons</u>, 1 F.3d 944, 946 (9th Cir. 1993), the court held that the reference to "any statute" in § 2412(b) "refers only to federal statutes." Therefore, a California law authorizing attorneys fees could not be applied to the government under § 2412(b). <u>Id.</u>

Similarly, in <u>Olson v. Norman</u>, 830 F.2d 811, 822-23 (8th Cir. 1987), the court held that § 2412 does not subject the United States to liability for attorney's fees based on state laws, be they statutory or common." <u>Olson</u> relied, in part, on the legislative history of the EAJA, including a House Report that referred only to federal statutes when discussing § 2412(b). Id. (citing H.R. No. 96-1418 at 8 U.S.Code Cong. & Admin. News 1980, at 4986, 4996). See also <u>Joe</u>, 772 F.3d at 1535 (term "statute" in 2412(b) refers only to federal statutes); <u>FDIC v. Addison Airport of Texas, Inc.</u>, 733 F.Supp. 1121, (N.D. Tex. 1990) (the term "any statute" refers to federal statutes; the availability of fees under state statutes is irrelevant). <u>Cf</u>. <u>Poirier</u>, 745 F. Supp. at 158 (common law standard under § 2412(b) is a federal standard). Indeed, "[i]t is quite unlikely.. . that Congress would expose the public exchequer to draws that are regulated, not in a manner that Congress itself can predict, but instead by the individual choices of 50 different state legislatures." <u>Addison Airport</u>, 733 F.Supp. at 1124.

CONCLUSION

Regardless of the outcome on the merits of the plaintiff's case, she cannot recover attorney's fees because (1) the FTCA does not waive sovereign immunity for recovery of attorney's fees; (2) Section 2412(d)(A) of the EAJA excludes tort actions; and (3) Section 2412(b) of the EAJA does not permit recovery of fees based on statute statutory or common law provisions.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

/s/Karen L. Goodwin
By: _____
Karen L. Goodwin
Assistant U.S. Attorney
U. S. Attorney's Office
1550 Main Street
Springfield, MA 01103

Dated: 10/24/06

Certificate of Service

    I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

                                                       /s/Karen L. Goodwin
                                                       Karen Goodwin

10/24/06