UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

SARAH DOE, Individually          )
and as Next Friend of A.R.,      )
                                 )
            Plaintiff,           )
                                 )
     v.                          )     No.  04cv30116-MAP
                                 )
UNITED STATES OF AMERICA,        )
                                 )
            Defendant.           )

**DEFENDANT'S MEMORANDUM IN SUPPORT OF
MOTION FOR RULE 35 EXAMINATION
AND FOR RELATED EXTENSION OF TIME**

The defendant, the United States of America, by and through
its attorney, Michael J. Sullivan, United States Attorney for
the District of Massachusetts, files this Memorandum In Support
of its Motion For Examination/Interview of the plaintiffs by Dr.
Lewis Breitner, a licensed clinical psychologist with expertise
in family, child and adolescent therapy.

<u>BACKGROUND</u>

The plaintiffs have sued the United States alleging that a
physician's disclosure of Sarah Doe's HIV status to her son,
A.R., caused emotional distress and psychological injuries,
which will be the subject of trial testimony by treating
therapists.[1]  Joint Pretrial Memorandum.  The amended complaint
alleges that the disclosure caused A.R. to become depressed and

---

[1] The deadline for plaintiffs' expert disclosure was May 4,
2007.  The plaintiffs' counsel has indicated that he does not
intend to disclose the therapists as expert witnesses.

angry, caused Doe to become emotionally distraught and caused a profound change in the mother-son relationship.

Dr. Breitner has been a practicing clinical psychologist since 1981. A copy of his resume is attached. Dr. Breitner has been retained by the defendant to formulate an opinion as to the nature and extent, as well as causation of any emotional pain and distress suffered by the plaintiffs allegedly as a result of the incident that is the subject of this case.

Dr. Breitner has completed his review of the medical records and would like the opportunity to interview the plaintiffs before submitting his report. The examination of each plaintiff would last approximately one hour and would take place at his offices in Westfield, Massachusetts, or Northampton, Massachusetts, at a mutually convenient time.

ARGUMENT

There is good cause for a mental examination because the plaintiffs's psychological condition is the central issue in this case. Fed. R. Civ. P. 35(a) provides in pertinent part as follows:

> When the mental or physical condition of a party ... is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner. . . .The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination

2

and the person or persons by whom it is to be made.

See also Schlagenhauf v. Holder, 379 U.S. 104, 118 (1964); accord, Anderson v. Cryovac, Inc., 805 F.2d 1, 8 (1st Cir.1986); Sacramona v. Bridgestone Firestone, Inc., 152 F.R.D. 428, 431 (D. Mass. 1993).

Rule 35(a) is to be construed liberally in favor of granting discovery. Cody v. Marriott Corp., 103 F.R.D. 421, 423 (D. Mass. 1984). Where a plaintiff has affirmatively placed in controversy her mental condition, it is appropriate for a court to order an examination. Id. at 423.

In this case, the plaintiffs have placed their emotional condition and history squarely in the center of this case. Amended Complaint, ¶¶ 13-16; Joint Pretrial Statement. See also Exhibit C to the initial complaint, in which the plaintiffs claim that the incident caused A.R. to display aggressive behavior and develop a adjustment disorder with depressed mood. Exhibit C also states that the incident seriously affected Doe's emotional stability. While the defendant has been able to explore these issues through the medical records, it believes that a personal interview would be of assistance to its expert.

In the event the court grants this motion, the United States asks that the deadline for disclosing its expert witness be extended to permit the scheduling of the examination and the preparation of the report. Since it is difficult to determine

at this juncture when the examination, if allowed, would take place, the defendant requests that the report be due two weeks following the examination.

<u>CONCLUSION</u>

Wherefore, for all the foregoing reasons, the defendant requests that the court order a Rule 35 examination and extend the deadline for the defendant's expert disclosure.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

/s/Karen L. Goodwin

By: _____

Karen L. Goodwin
Assistant U.S. Attorney
U. S. Attorney's Office
1550 Main Street
Springfield,  MA 01103
Dated: May 15, 2007    413-785-0235

<u>Certificate of Service</u>

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

/s/Karen L. Goodwin
Karen Goodwin

5/15/07